P. Kristofer Strojnik, SBN 242728
Law Offices of Peter Strojnik
pstrojnik@strojniklaw.com
Esplanade Center III, Suite 700
2415 East Camelback Road
Phoenix, Arizona 85016
602.510.9409 (tel.)

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE, a married woman dealing with her sole and separate claim,<br><br>Plaintiff,<br><br>vs.<br><br>S.C. BEACH HOLDCO LLC, a California limited liability company dba Dream Inn Santa Cruz,<br><br>Defendant. | Case No:<br><br>**VERIFIED COMPLAINT**<br><br>**(Jury Trial Demanded)** |

Plaintiff Theresa Marie Brooke alleges:

**PARTIES**

1. Plaintiff Theresa Brooke is a married woman. Plaintiff is legally disabled, and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 et seq., the California Unruh Civil Rights Act. Plaintiff ambulates with the aid of a wheelchair due to the loss of a leg.

2. Defendant, S.C. Beach Holdco LLC, owns and/or operates and does business as the hotel Dream Inn Santa Cruz located at 175 Cliff Drive in Santa Cruz, California. Defendant's hotel is a public accommodation pursuant to 42 U.S.C. §

12181(7)(A), which offers public lodging services. On information and belief, Defendant's hotel was renovated after March 15, 2012.

## SUMMARY OF ALLEGATIONS

3. Plaintiff Theresa Brooke brings this action against Defendant, alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq., (the "ADA") and its implementing regulations and the California Unruh Civil Rights Act ("Unruh"), California Civil Code §§51, 52. Specifically, Plaintiff brings this action because Defendant's hotel does not comply with Section 503 of the 2010 Standards of Accessible Design; Defendant does not have an access aisle at the hotel passenger loading zone that is compliant with Section 503.

## JURISDICTION

4. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 42 U.S.C. § 12188.

5. Plaintiff's claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

6. Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## ALLEGATIONS

7. Plaintiff formerly worked in the hospitality industry and her husband works in the travel industry. She and her husband are avid travelers to California for purposes of leisure travel, court-related hearings, conferences and inspections, and to "test" whether various hotels across the Country comply with disability access laws. She has been to California countless times over the past few years for purposes of checking ADA compliance, leisure travel, and court-related conferences.

8. Plaintiff and her husband traveled to the South Bay and Santa Cruz in late November of this year for purposes of leisure and to test accessibility at local hotels.

9. During this trip, Plaintiff personally visited Defendant's hotel and stopped at the passenger loading zone directly adjacent to the lobby. Defendant's hotel has a passenger loading zone because the pickup and dropoff area directly outside of the lobby is designed and intended as a loading zone.

10. While at Defendant's hotel, she discovered that Defendant's hotel has a barrier to entry, which is that the passenger loading zone does not have an access aisle.

11. Plaintiff gained actual and personal knowledge of a barrier while visiting Defendant's hotel, and as a result, she was deterred from entering the hotel. She will not re-visit the hotel until notice is provided of remediation. Returning would be futile, and since she will not return until remediation is provided, a repeat of the injury is not possible.

12. An illustration of a correct access aisle (*the striped portion of the illustration below*) and compliant cut-out are provided below, which was not provided at the hotel:



13. Plaintiff intends on visiting the Bay Area and Santa Cruz again early next year to engage in further ADA testing and for purposes of court-related functions, e.g. hearings, joint site inspections, and the like. This is not a speculative trip; she *will* travel there in either January or February of next year. In the event that notice of remediation of the barrier at bar is provided prior to her trip, she will re-visit the hotel. However, she will not do so if the hotel still has the barrier complained of herein.

14. It is readily achievable to modify the hotel to provide an access aisle. Provision of an access aisle is extremely inexpensive.

15. Without injunctive relief, Plaintiff and others will continue to be unable to independently use Defendant's hotel in violation of her rights under the ADA.

16. Other potential violations and barriers to entry at Defendant's hotel may be discovered during this litigation. It is Plaintiff's intention to cure all ADA violations at this hotel in one lawsuit as opposed to doing so in piecemeal litigation, and so she will amend this Complaint pursuant to *Doran* if additional ADA violations are discovered during the case.

## FIRST CAUSE OF ACTION

17. Plaintiff incorporates all allegations heretofore set forth.

18. Defendant has discriminated against Plaintiff and others in that it has failed to make its public lodging services fully accessible to, and independently usable by, individuals who are disabled in violation of 42 U.S.C. § 12182(a) and § 121282(b)(2)(iv) and the 2010 Standards, as described above.

19. Defendant has discriminated against Plaintiff in that it has failed to remove architectural barriers to make its lodging services fully accessible to, and independently usable by individuals who are disabled in violation of 42 U.S.C. §12182(b)(A)(iv) and the 2010 Standards, as described above. Compliance with the 2010 Standards would neither fundamentally alter the nature of Defendant's lodging services nor result in an undue burden to Defendant.

20. In violation of the 2010 Standards, Defendant's hotel passenger loading zone does not have a disability access aisle as required by Section 503 of the Standards.

21. Compliance with 42 U.S.C. § 12182(b)(2)(A)(iv) and the 2010 Standards, as described above, is readily achievable by the Defendant. *Id*. Readily achievable means that providing access is easily accomplishable without significant difficulty or expense.

22. Defendant's conduct is ongoing, and, given that Defendant has never fully complied with the ADA's requirements that public accommodations make lodging services fully accessible to, and independently usable by, disabled individuals, Plaintiff invokes her statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees.

23. Without the requested injunctive relief, specifically including the request that the Court retain jurisdiction of this matter for a period to be determined after the Defendant certifies that it is fully in compliance with the mandatory requirements of the ADA that are discussed above, Defendant's non-compliance with the ADA's requirements that its passenger loading zone be fully accessible to, and independently useable by, disabled people is likely to recur.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

   a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA;
   b. Permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its passenger loading zone into full compliance with the requirements set forth in the ADA;
   c. Payment of costs and attorney's fees;
   d. The provision of whatever other relief the Court deems just, equitable and appropriate.

### SECOND CAUSE OF ACTION

24. Plaintiff realleges all allegations heretofore set forth.

25. Defendant has violated the Unruh by denying Plaintiff equal access to its public accommodation on the basis of her disability as outlined above.

26. Unruh provides for declaratory and monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

27. Plaintiff has been damaged by the Defendant's non-compliance with Unruh.

28. Pursuant to Cal Civ. Code §52, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount of $4,000.00, and not more.

29. Pursuant to Unruh, Plaintiff is entitled to attorney's fees and costs in an amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

    a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

    b. Permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its passenger loading zone into full compliance with the requirements set forth in the ADA;

    c. Payment of costs and attorney's fees;

    d. Damages in the amount of $4,000.00, the statutory minimum, and not more; and

    e. Provision of whatever other relief the Court deems just, equitable and appropriate.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on issues triable by a jury.

RESPECTFULLY SUBMITTED this 16th day of December, 2020.

    /s/ P. Kristofer Strojnik
    P. Kristofer Strojnik (242728)
    Attorneys for Plaintiff

1
2
**VERIFICATION**

3   I declare under penalty of perjury that the foregoing is true and correct.

4   DATED this 16th day of December, 2020.

5
6
7
8

9   Theresa Marie Brooke

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28